THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDAL W. DUCKETT, Defendant-Appellant.

Fifth District    No. 5—83—0727

Opinion filed April 15, 1985.

Leon G. Scroggins, of Granite City, for appellant.

Don W. Weber, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Randal Duckett, was charged by information with two counts of indecent liberties with a child (Ill. Rev. Stat. 1981, ch. 38, par. 11—4). Defendant was found guilty after a jury trial in the circuit court of Madison County and was sentenced to a four-year term of imprisonment on each count, those sentences to be served concurrently. Defendant has perfected an appeal to this court, contending that the trial court erred in granting the State's motion *in limine* and excluding the testimony of a defense witness as to matters related to him by the defendant while the defendant was under hypnosis.

Defendant's contention is based upon the proffered testimony of Dr. Carl A. Hermsmeyer, a clinical psychologist, who conducted an ideomotor examination of defendant by placing defendant under hypnosis and asking defendant to respond by moving his fingers to questions put to him. Defendant's offer of proof established that, if permitted to testify, the witness "would have testified that under hypnosis, the defendant denied committing the offenses in question."

In support of his contention that this testimony was admissible, defendant relies on *People v. Cohoon* (1983), 120 Ill. App. 3d 62, 457 N.E.2d 998, *rev'd* (1984), 104 Ill. 2d 295, 472 N.E.2d 403, *People v. Gibson* (1983), 117 Ill. App. 3d 270, 452 N.E.2d 1368, and *People v. Smrekar* (1979), 68 Ill. App. 3d 379, 385 N.E.2d 848. Each of those cases are distinguishable, however, in that they address the question of the admission of testimony that was enhanced by prior hypnosis. This appeal, on the other hand, presents the question of the admissibility of evidence elicited from a witness while he was under hypnosis.

It is noteworthy that our supreme court has held that the results of a polygraph test are inadmissible notwithstanding the fact that defendant stipulated to their admission and had an opportunity to cross-examine the polygraph examiner. (*People v. Baynes* (1981), 88 Ill. 2d 225, 430 N.E.2d 1070.) The court there stated that because of the doubts that remain about the reliability and scientific recognition of polygraph tests, a stipulation by defendant to admit the results of a

polygraph test does not render such test results admissible. The same prohibition has been held to be applicable to information elicited from a witness while under the influence of a so-called "truth serum." (*People v. Harper* (1969), 111 Ill. App. 2d 204, 250 N.E.2d 5.) Hypnosis suffers from these same deficiencies. In *People v. Cohoon* (1984), 104 Ill. 2d 295, 299-300, 472 N.E.2d 403, 405-06, our supreme court expressed doubts as to the purported accuracy and scientific acceptability of hypnosis. See also *People v. Smrekar* (1979), 68 Ill. App. 3d 379, 385, 385 N.E.2d 848, 852-53; *People v. Harper* (1969), 111 Ill. App. 2d 204, 209, 250 N.E.2d 5, 6-7; Annot., 92 A.L.R.3d 442 (1979); Annot., 41 A.L.R.3d 1369 (1972).

■ Accordingly, insofar as the defendant here sought to introduce into evidence his nonverbal responses to questioning, made while he was under hypnosis, we conclude that the circuit court properly rejected such evidence. We therefore affirm the judgment of the circuit court of Madison County.

Affirmed.

HARRISON and WELCH, JJ., concur.